1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JAIME ALBERTO PEREZ,                     1:10-cv-01434-DLB (HC)

               Petitioner,         ORDER TO SHOW CAUSE WHY PETITION
                                         SHOULD NOT BE DISMISSED FOR LACK
   v.                                   OF JURISDICTION

                                         [Doc. 1]
STATE OF CALIFORNIA,

              Respondent.
_____/

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner filed the instant petition for writ of habeas corpus on August 5, 2010, in the United States District Court for the Eastern District of California, Sacramento Division.  On August 10, 2010, the petition was transferred to this Court.

I.     Failure to Name Proper Respondent

      A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court,

21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

In this case, Petitioner names the State of California as Respondent.  Although Petitioner is currently in the custody of the State of California, the State cannot be considered the person having day-to-day control over Petitioner.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2d Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect by amending the petition to name a proper respondent.  See, West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

II.   Exhaustion of State Judicial Remedies

In reviewing Petitioner's petition it is not clear what, if any, claims were exhausted in the California Supreme Court.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

1  opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

2  factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

3  basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

4  Additionally, the petitioner must have specifically told the state court that he was raising a

5  federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66, 115 S.Ct. at 888; <u>Keating v. Hood</u>, 133

6  F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court

7  violated his due process rights "he must say so, not only in federal court but in state court."

8  <u>Duncan</u>, 513 U.S. at 366, 115 S.Ct. at 888.

9      Because it is unclear what, if any, claims presented in the instant federal petition for writ

10  of habeas corpus were exhausted in the state's highest court, Petitioner will be ordered to show

11  cause regarding exhaustion.  If possible, Petitioner should present to the Court documentary

12  evidence that the claims were indeed presented to the California Supreme Court.[1]

13      Accordingly, it is HEREBY ORDERED that:

14  1.      Within thirty (30) days from the date of service of this order, Petitioner shall

15          amend the petition to name a proper respondent and show cause as to what claims,

16          if any, were presented to the state's highest court; and

17  2.      Failure to comply with this order may result in the action be dismissed for failure

18          to comply with a court order.  Local Rule 110.

19   IT IS SO ORDERED.

20  **Dated:   September 8, 2010          /s/ Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27      [1]A copy of the California Supreme Court's denial <u>alone</u> is insufficient to demonstrate exhaustion.  The

28  proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes
    the claim now presented and a file stamp showing that it was indeed filed in that Court.